IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  02-2455 B/An |
| | ) | |
| FEDERAL INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO COMPEL

Before the Court is Defendant's Motion to Compel filed on May 2, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for determination, and the Court held a hearing on this matter on June 21, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff filed this action against Defendant after Defendant refused to defend or indemnify Plaintiff in the underlying matter of *Reid v. Smith & Nephew* in the United States District Court for the Western District of Texas (the "*Reid* lawsuit"). Plaintiff claims that it incurred approximately $937,000.00 in attorney's fees and costs in defending the *Reid* lawsuit, and Plaintiff also seeks to recover $250,000.00 which it paid to settle the *Reid* lawsuit. Two years after the *Reid* lawsuit was filed, Plaintiff provided Defendant with a copy of the Amended Complaint. In May 1999, after learning of the claim, Defendant denied Plaintiff's request to defend it in the *Reid* lawsuit.

1

In the instant action, Defendant questions the reasonableness and necessity of the amount of fees and costs claimed by Plaintiff from the *Reid* lawsuit; therefore, Defendant served a subpoena duces tecum to trial counsel from the underlying action. Mr. Laurence Macon, lead counsel from the *Reid* lawsuit, and Mr. Macon's law firm of Akin Gump Strauss Hauyer & Feld, LLP withheld numerous documents from Defendant on the grounds of the work product doctrine. Similarly, relying on the attorney-client privilege and the work product doctrine, Plaintiff has refused to produce numerous documents pursuant to Defendant's Rule 30(b)(6) deposition notice.

Defendant filed this Motion pursuant to Fed. R. Civ. P. 37 requesting that the Court enter an Order compelling Plaintiff to produce all documents and things responsive to the subpoena served on Plaintiff's trial counsel in the *Reid* lawsuit. Defendant argues that any privilege relied upon by Plaintiff or their trial counsel was waived when Plaintiff placed the amount of attorney's fees and costs "at issue" in the instant lawsuit. Alternatively, Defendant requests that if the Court finds Plaintiff accurately relied on the privilege, the Court should instruct the trial jury that all information withheld by Smith & Nephew on the grounds of privilege should be presumed not to support Plaintiff's claims.

Plaintiff responded to the Motion to Compel on May 17, 2005. In its Response Plaintiff argues that it has not waived any privilege and that it should not be required to produce the documents and things in question. Plaintiff further requests that the Court order that Defendant should not be permitted to introduce or elicit any reference to Plaintiff's invocation of its privileges regarding the *Reid* lawsuit.

2

## ANALYSIS

### I. Attorney-Client Privilege and Work Product Doctrine

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). Both this Circuit and the United States Supreme Court have noted that the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *see also Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citations omitted).

In this matter, Plaintiff has refused to produce various documents and things. Plaintiff argues it should not be required to produce the documents and things because these items are protected by the attorney-client privilege and the work product doctrine. The party raising a privilege has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5). The objection must include sufficient information so that the Court and opposing counsel can assess the applicability of the privilege. *Watts v. Federal Express Corp.*, No. 99-CV-701, 2001 WL 1661474, at *6 (W.D. Mich. Apr. 11, 2001)

The attorney-client privilege is the oldest of privileges, and "courts are properly hesitant to intrude upon the private communications of clients and their attorneys." *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 505, 509 (W.D. Tenn. 1999). "Its purpose is

to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1988). In Tennessee, "[n]o attorney . . . shall be permitted . . . to disclose any communication made to the attorney." Tenn. Code Ann. § 23-3-105 (2004); *see also Boyd v. Comdata Network, Inc.*, 86 S.W.3d 203, 213 (Tenn. Ct. App. 2002). "The privilege applies not only to the client's communications but also to the attorney's communications to his or her client when the attorney's communications are specifically based on the client's confidential communications or when disclosing the attorney's communications would . . . reveal the substance of the client's confidential communications." *Boyd*, 86 S.W.3d at 213.

Plaintiff also relies on the work product doctrine, which "spring[s] from the same common law origin" as the attorney-client privilege. *In re Grand Jury Proceedings*, 473 F.2d 840, 844 (8th Cir. 1973). Overall, documents made in anticipation of litigation are privileged under the work product doctrine. Fed. R. Civ. P. 26(b)(3). "The party seeking the protection of the work-product privilege has the burden of proving that the disputed documents are work product." *Royal Surplus Lines Ins. v. Sofamor Danek Group*, 190 F.R.D. 463, 473 (W.D. Tenn. 1999). Nevertheless, the work product doctrine "is distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975).

The Defendant contends in the instant motion that the Plaintiff waived any privilege it might have otherwise asserted because the amount of defense costs and the reasonableness and necessity of those costs are directly in issue. The Defendant argues that by filing this lawsuit, Plaintiff places the fees at issue and in so doing, waived its right to assert these privileges.

4

Because it is undisputed that Plaintiff has not expressly waived the applicable privileges, the Court must address whether Plaintiff impliedly waived the attorney-client privilege and work product doctrine when it filed the instant suit against Defendant.

In Tennessee, a party impliedly waives the attorney-client privilege or work product doctrine when three conditions are present:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*Bryan v. State*, 848 S.W.2d 72, 81 (Tenn. Ct. App. 1992) (citing *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975)); *see also Kirchner v. Mitsui & Co., Inc.*, 184 F.R.D. 124 (M.D. Tenn. 1998). Defendant argues that Plaintiff impliedly waived any applicable privilege when it placed the attorney's fees and costs from the *Reid* lawsuit at issue in this case. Defendant requests that it should be entitled to review documents and things from the *Reid* lawsuit in order to analyze the reasonableness and necessity of Plaintiff's claim for almost one million dollars in attorney's fees and costs.

After review, the Court concludes that Plaintiff has not impliedly waived any applicable privilege. This case is factually similar to two cases cited by Plaintiff in their Response. In the first case, *Microsoft Corp. v. Federal Insurance Co.*, Microsoft brought an action against the same defendant involved in this case ("Federal") after Federal failed to pay settlement costs and nearly three million dollars in legal fees incurred by the plaintiff's counsel during a civil antitrust trial. *See Microsoft Corp. v. Fed. Ins. Co.*, No. M8-85(HB), 2003 WL 548758 (S.D.N.Y. Feb. 25, 2003). Federal served a subpoena on Microsoft's trial counsel, and after the trial counsel

5

refused to produce the documents, Federal filed a motion to compel. Similar to this case, Federal argued that production of the documents was "needed to determine what work these law firms performed, how it related to [other] lawsuits, whether this work was reasonable and necessary to the defense, how the fees were determined, and whether the fees were reasonable." *Id.* at *1.

Ultimately, the district court in New York denied the motion to compel after determining there was not an implied waiver of the attorney-client privilege. In *Microsoft*, the court first noted that Federal cited no authority holding that the mere assertion of a claim for indemnification waives all applicable privilege law, and in this case, the Court finds the same to be true. Federal is unable to cite any Tennessee authority which requires the production of documents and things in indemnification suits. After deciding that Federal had provided no persuasive legal authority to the court, the *Microsoft* court held that Federal was able to review the reasonableness and necessity of the plaintiff's claim by analyzing time sheets and billing records. *Id.* at *3. In the instant matter, Plaintiff has already provided Defendant with time records and billing statements; therefore, the Court is not prepared to require Plaintiff to produce additional documents and things.

In the second case, *Remington Arms Co. v. Liberty Mutual Insurance Co.*, the plaintiff sued the defendant after the defendant insurance company failed to commit itself to coverage in an underlying action. *See Remington Arms Co. v. Liberty Mutual Ins. Co.*, 142 F.R.D. 408, 410 (D. Del. 1992). Similar to the instant action, the defendant in *Liberty Mutual* requested documents from the plaintiff, and the plaintiff withheld numerous documents based upon the attorney-client privilege and work product doctrine. The defendant then filed a motion to compel with the court, and similar to the *Microsoft* case, the *Liberty Mutual* court denied the motion to

6

compel, even though the defendant argued that the plaintiff waived any applicable privilege law by putting its conduct and knowledge from an underlying action "at issue" in the case.

*Liberty Mutual* examined the issue of implied waiver in great detail. Noting that the "at issue" doctrine stems from traditional notions of implied waiver, the court held that expansive applications of the implied waiver doctrine had led to "substantial academic criticism." *Id.* at 414. The Court reasoned that expansive application of the doctrine led "to a type of ad hoc determination that ignores the system-wide role of the attorney-client privilege and undermines any confidence that parties can place in that privilege." *Id.* As such, the court denied the motion to compel and held that no waiver could be found simply because the plaintiff brought an action against the defendant insurance company. *Id.* at 415-16.

Following the reasoning of *Microsoft* and *Liberty Mutual*, the Court declines to adopt an expansive application of Tennessee's implied waiver law contained within the *Bryan* test. Moreover, the Court concludes that the third prong of the *Bryan* test, which requires a party to prove that the information requested is vital to the party's defense, has not been met. As already mentioned, Plaintiff has produced to Defendant complete sets of its trial counsel's bill from the *Reid* lawsuit. Plaintiff has also provided to Defendant copies of pleadings, discovery papers, motions, transcripts and the like from the *Reid* lawsuit. The Court sees no reason why Defendant cannot ascertain the reasonableness and necessity of Plaintiff's claim for legal fees from these items. The Court concludes the *Bryan* test has not been satisfied and that there has been no implied waiver. For these reasons, the Motion to Compel should be **DENIED**.

## II. Motions Concerning the Trial Jury

In its Motion, Defendant also requests that the Court order the trial court to instruct the jury that all of the information withheld by Plaintiff on privilege grounds should be presumed not to support the Plaintiff's claims. Alternatively, in its Response, Plaintiff requests that the Court prevent Defendant from introducing or making any reference to Plaintiff's invocation of its privileges. After due consideration, the Undersigned concludes that such determinations can be better decided by the trial judge; therefore, the Court declines to rule on Plaintiff's and Defendant's requests at this time. The parties can file appropriate motions and/or requests for Jury Instructions with the District Court prior to trial if they so desire.

## CONCLUSION

For the reasons set forth above, the Motion to Compel is **DENIED**. Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 25, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 97 in case 2:02-CV-02455 was distributed by fax, mail, or direct printing on August 26, 2005 to the parties listed.

---

William B. Jakes
HOWELL & FISHER
300 James Robertson Pkwy
Nashville, TN 37201--110

Mark Vorder-Bruegge
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Martin C. Pentz
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210--260

Honorable J. Breen
US DISTRICT COURT