IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   02-2455 B/An |
| | ) | |
| FEDERAL INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION IN LIMINE

Before the Court is Defendant's Motion in Limine for an order to exclude Michael J. O'Connor ("O'Connor") from testifying at trial in this matter filed on September 2, 2005. United States District Judge J. Daniel Breen referred this matter to the United States Magistrate Judge for determination. For the reasons set forth below, the Motion is **DENIED**.

### Background

On September 5, 2002, Plaintiff served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) in which it identified individuals likely to have discoverable information. Later that month, Plaintiff also answered interrogatories and requests for production of documents in which Defendant asked for the names, addresses, and telephone numbers of each person known to Plaintiff to have knowledge of facts relevant to any issue in the case. O'Connor's name was not disclosed to Defendant in either instance nor was it disclosed during the two-day deposition of Plaintiff's designated representative. On August 24, 2005, Plaintiff served "amended" initial disclosures and "amended" responses to interrogatories identifying, for the first time, O'Connor as one who is "familiar with [Plaintiff's] internal rate of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-26-05



return during the period from April 1999 to date." These disclosures and responses were made outside of the time set forth in the Scheduling Order for fact discovery and for expert disclosures and depositions.

Plaintiff plans to offer O'Connor's testimony on the issue of pre-judgment interest to any damage verdict rendered at the conclusion of trial and argues, among other things, that O'Connor's testimony would be limited to Plaintiff's historical return on invested funds and that he does not have any knowledge concerning any facts underlying this action. In addition, Plaintiff notes that it is not clear under existing Tennessee law whether any factual evidence on the pre-judgment interest rate is necessary or will be entertained by the court. Plaintiff notes that it has offered the Defendant the opportunity to depose O'Connor at any time with or without a modification of the Scheduling Order.

## Analysis

Rule 37(c) of the Federal Rules of Civil Procedure gives the Court discretion to exclude evidence that has been wrongfully withheld during discovery and the Defendant is correct in stating that Plaintiff should have disclosed O'Connor's name and the possibility that Plaintiff would call on him to testify at trial prior to August 24, 2005. The Rule, however, does not apply when the failure to disclose information is "harmless." Fed. R. Civ. P. 37(b). In this instance, Plaintiff has pointed out that O'Connor's possible testimony will be very limited in its scope and has made it clear that it will accommodate any requests by Defendant to depose or interview O'Connor. Because O'Connor will only be called to testify concerning prejudgment interest if there is a Plaintiff's verdict and Defendant will have the opportunity to depose him, the Court finds that Plaintiff's failure to disclose this information earlier is harmless and will not order that his testimony be excluded at trial. Defendant will be allowed to depose O'Connor if it so desires

and if, after the deposition, Defendant's counsel is of the opinion that it has been prejudiced under Rule 37(c), he may file a new motion seeking to exclude O'Connor's testimony on those grounds.

**THEREFORE**, for the reasons set forth above, the Motion in Limine is **DENIED**.

ANY OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S ORDER SHALL BE MADE WITHIN TEN (10) DAYS AFTER SERVICE OF THE ORDER, SETTING FORTH PARTICULARLY THOSE PORTIONS OF THE ORDER OBJECTED TO AND THE REASONS FOR THE OBJECTION.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: October 25, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 116 in case 2:02-CV-02455 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Mark Vorder-Bruegge
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

William B. Jakes
HOWELL & FISHER
300 James Robertson Pkwy
Nashville, TN 37201--110

Martin C. Pentz
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210--260

Honorable J. Breen
US DISTRICT COURT