FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 NOV 14  AM 9: 18

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.  02-2455 B/An |
| ) | |
| FEDERAL INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Compel filed on July 29, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends the Motion be **GRANTED**.

## BACKGROUND

The action before the Court concerns Defendant's failure, as a liability insurer, to defend a prior lawsuit waged against the Plaintiff, one of Defendant's insurance policy owner. Plaintiff is seeking damages for Defendant's refusal to defend and has filed this present Motion in an attempt to force Defendant to produce the claim file Defendant compiled on this prior lawsuit.

On October 10, 2002, Plaintiff served Defendant with a request for production of documents which included "all claims files concerning the underlying claim." When the Defendant served their answer on November 12, 2002, they noted their objection to this particular request, raising the issue of relevance, and did not produce the requested documents.

1

Efforts to comply with and enforce these original requests were halted when summary judgment was granted in August of 2003 but resumed after the Court of Appeals reversed and remanded in October of 2004. After the remand, Plaintiff again served Defendant with a request for production of documents with an identical request for claim files concerning the underlying claim. This request was objected to by Defendant on March 8, 2005, this time asserting that the claim file was protected by attorney-client privilege and work product doctrine in addition to the relevance objection made earlier.

In the interim between the two identical discovery requests, the parties attended a status conference on November 23, 2004, in which the Court amended the Rule 16(b) Scheduling Order. Among the deadlines set forth in the Scheduling Order is one that concerns Motions to Compel Discovery. It provides, in part, as follows:

> (d) MOTIONS TO COMPEL DISCOVERY
>
> To be filed and served within forty-five days of the default or the service of the response, answer or objections, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer or objection shall be waived.

In addition, the parties also agreed that all discovery was to be completed by May 31, 2005. Later, however, this deadline was extended to July 15, 2005 and then to August 5, 2005.

On June 14, 2005, Plaintiff planned to depose Defendant's Rule 30(b)(6) witness, Bonnie Diane Wood. Before the deposition, Plaintiff requested that Defendant produce the claim file at the deposition and Defendant's counsel replied that, due to the limited time before the deposition, he could not promise that he would have the information Plaintiff wanted "on 3 business days notice." Pl.'s Reply p. 5. During the deposition, Ms. Wood specifically

acknowledged the existence of the claim file that Plaintiff now seeks and admitted that she had reviewed its contents to prepare for her deposition and that her memory had been refreshed by it. At that point, Plaintiff made a request for these "notes" on the record but Defendant refused on the basis that the claim file had not been included in the deposition notice.

Plaintiff again requested the claim file on July 20, 2005, this time citing an additional basis for discovery under Federal Rule of Evidence 612 due to Ms. Wood's deposition testimony concerning the claim file. The Defendant objected on July 26, 2005 and the Plaintiff filed this Motion three days later.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. See *Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

In order to facilitate discovery, Rule 34 of the Federal Rules of Civil Procedure states that "[a]ny party may serve on any other party a request to produce . . . any designated documents . . .

which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). If a party fails to adequately respond to a request for production under Rule 34, "the discovering party may move for . . . an order compelling inspection in accordance with the request" and the Court, in its discretion, can enter such an order. Fed. R. Civ. P. 37(a)(2).

In addition, Rule 612 of the Federal Rules of Evidence provides that "if a witness uses a writing to refresh memory for the purpose of testifying" either while testifying or before hand, the Court may determine that the adverse party is entitled to have the writing produced "to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Fed. R. Evid. 612.

In the present case, Plaintiff has repeatedly requested the claim file that Defendant possesses on the underlying claim using numerous justifications as its bases for the request. First, Plaintiff argues that Defendant's obligation to disclose this file does not depend upon any requests for production under Federal Rule of Civil Procedure 34 because the Federal Rules provide for automatic and universal disclosure of relevant information and documents. Fed. R. Civ. P. 26(a)(1). Parties are also under a duty to supplement and/or amend these disclosures, without request by an opposing party, if they discover additional information. Fed. R. Civ. P. 26(e). As no other file of documents could be more relevant to the present action than the Defendant's file on the claim at issue in the case, Plaintiff claims that Defendant should have disclosed the claim file under Federal Rule of Civil Procedure 26(a). Failing to do that, Defendant should have produced the claim file when its own 30(b)(6) witness acknowledged that she had reviewed the file to prepare for her deposition under its duty to supplement pursuant to

4

Federal Rule of Civil Procedure 26(e)(1). In light of Defendant's failure to produce the file initially, Plaintiff has also made repeated requests for the claim file under Rule 34, to which Defendant has objected.

Plaintiff's latest request for the file was made under Federal Rule of Evidence 612 due to the fact that Defendant's 30(b)(6) witness used the claim file to prepare for her deposition. Defendant's counsel even gave Plaintiff the impression that the file would be forthcoming, if not at Ms. Wood's deposition, then shortly thereafter. Defendant, however, still refused to provide the file to Plaintiff, either at the deposition or afterward.

In its defense, Defendant argues that Plaintiff's Motion is time barred under the November 23, 2004 Rule 16(b) Scheduling Order mandating that motions to compel discovery are to be filed and served withing forty-five days of default or service of the response, answer, or objection. Defendant also argues that the claim file is not relevant to the issues of the case because the events comprising Defendant's notice of the claim are not disputed, its reasons not to participate in Plaintiff's defense in the prior lawsuit were provided to Plaintiff in writing and these reasons would not prove or disprove any facts relevant to the issues of the case. In response to Plaintiff's argument based upon Rule 612, the Defendant asserts that this rule only entitles Defendant to the file if and when Ms. Wood testifies at trial or Plaintiff's counsel reads the deposition into evidence. Lastly, Defendant asserts that the file Plaintiff seeks is protected by attorney-client privilege and work product doctrine.

Defendant's untimeliness argument is without merit. Although the first request for the file was in 2002, there was an intervening appeal and Plaintiff has since renewed that request in the form of a request for production of documents and again at Ms. Wood's deposition on June

14, 2005, after she stated that she had reviewed the file for the deposition. Thus this Motion complies exactly with the Scheduling Order's forty-five (45) day limit. In addition, Plaintiff's latest request for the claim file, asserted upon a new basis, was on July 20, 2005, a mere nine days before this Motion was filed. Defendant's relevance argument is also not persuasive. A case file maintained by the Defendant on the claim that underlies this present action is relevant, especially given the broad scope of discovery in this Circuit. The case file's relevance was also affirmed when Defendant's own 30(b)(6) witness used it to prepare for her deposition and her recollection was refreshed by the documents therein.

Defendant's argument of attorney-client privilege and work product doctrine is misplaced. These objections were not asserted in Defendant's first objection to the production of the claim file in November of 2002 and are thus waived by non-inclusion. See Fed. R. Civ. P. 33(b)(4). See, e.g., *Carfango v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768 (W.D. Mich. 2001); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974 (W.D. Mich. 1991). Even if these objections were not waived, Defendant would still not prevail. Plaintiff is seeking access to a file concerning the prior, underlying lawsuit, not access to Defendant's communications with its present counsel in the instant action. Further, Defendant has provided Plaintiff with a privilege log on which the claim file does not appear. In addition, Ms. Wood testified that some of the file notes that she reviewed were prepared before litigation between Plaintiff and Defendant was contemplated and would thus not be protected by the above doctrines.

Lastly, Defendant's argument that Rule 612 would only allow the claim file to be made available to Plaintiff in the event that Ms. Wood testified at trial or that Plaintiff's counsel read her deposition into evidence is also incorrect. Rule 612 allows the Court to order that a writing

6

used by a witness to refresh his or her recollection for the purpose of testifying be made available to the adverse party for inspection, to cross-examine the witness, and to introduce into evidence those parts of the writing that relate to the witness's testimony. Fed. R. Evid. 612. This rule is not limited to a writing's use at trial and most courts hold that it is applicable to depositions by operation of Federal Rule of Civil Procedure 30(c). *Weinstein's Federal Evidence* ¶ 612.02[5] (2d Ed. 2005). See also *Carfango*, 2001 U.S. Dist. LEXIS at *23; *In re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (D. Ky. 1983). Thus, because Ms. Wood reviewed the case file in preparation for her deposition and because it refreshed her recollection, the Court finds that it is in the interest of justice that the claim file should be made available to the Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Compel be **GRANTED**.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 10, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 117 in case 2:02-CV-02455 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

William B. Jakes
HOWELL & FISHER
300 James Robertson Pkwy
Nashville, TN 37201--110

Martin C. Pentz
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210--260

Mark Vorder-Bruegge
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable J. Breen
US DISTRICT COURT