IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____, D.C.
05 DEC 12 PM 3:30
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

SMITH & NEPHEW, INC.,

  Plaintiff,

v.          No. 02-2455 B

FEDERAL INSURANCE CO.,

  Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION

---

Before the Court is the motion of the Defendant, Federal Insurance Company ("Federal"), for clarification of the order entered by this Court on November 23, 2005 denying Defendant's motion for summary judgment and granting Plaintiff, Smith & Nephew, Inc.'s ("Smith & Nephew"), motion for partial summary judgment. Specifically, the Defendant requests that the Court address its argument, contained in Federal's August 2, 2005 motion for summary judgment, that Plaintiff is not entitled to recover fees and expenses incurred before providing notice of its claim to Federal, which was inadvertently omitted in the Court's order. Smith & Nephew has responded to the Defendant's motion. For the reasons stated below, the Court finds that Plaintiff is entitled to recovery of pre-notice fees and expenses.

Federal argues that because the language of the insurance policy expressly prohibited[1] Smith & Nephew from assuming any obligation or incurring any expense in connection with a claim

---

[1] The relevant policy provision provides:
 DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT:
 (d) No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
(Pl.'s First Mot. for Partial Summ. J. Addendum at 4.)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-13-05

162

without its consent, the Plaintiff is not entitled to recover costs incurred prior to providing notice. In support of its position, Federal notes the testimony of Jean Mercer conceding that Federal did not authorize or consent to any fees or expenses incurred by Smith & Nephew before Federal was notified of the underlying Reid litigation. (Dep. Jean Mercer ("Mercer Dep.") at 227.) In addition, Federal cites Buquo v. Title Guaranty & Trust Co., 100 S.W.2d 997 (Tenn. App. 1936), for its assertion that it is "well-settled Tennessee law" that insureds who, without notice to the insurer, assume the conduct of the defense and engage attorneys of their own choosing may not recover the fees and expenses so incurred.

The Court finds Defendant's argument to be without merit. In Alcazar v. Hayes, the Tennessee Supreme Court abandoned its long-standing adherence to the traditional common law approach that notice is a condition precedent to recovery under an insurance policy regardless of whether prejudice to the insurer was shown. Alcazar v. Hayes, 982 S.W.2d 845, 849 (Tenn. 1998). In its place, the court "adopted the modern trend and held that in order for forfeiture of an insurance policy to result from an insured's breach of a notice provision, prejudice to the insurer must be shown." American Justice Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 816 (Tenn. 2000) (applying Alcazar to liability insurance policies). Because Buquo was decided under the traditional approach, the Defendant's reliance upon it in the instant matter is misplaced.[2]

Following the Tennessee courts' conclusion that post-tender defense costs are recoverable

---

[2] As noted in the Plaintiff's response to Defendant's motion for clarification, under the facts of Buquo, the insured never provided written notice of the suit to the insurance company and never requested that the insurer defend the action. In the present case, in contrast, Smith & Nephew both sought legal representation from Federal and provided notice of the lawsuit against it. Factually, Buquo does not provide precedential value to the Court's conclusions.

2

absent prejudice, no decision has expressly addressed whether pre-tender defense costs should be considered under the same standard. In support of its position, the Defendant cites LeFarge Corp. v. Hartford Cas. Ins. Co., 61 F.3d 389 (5th Cir. 1995) in which the Fifth Circuit, applying Texas law, held that pre-tender costs are per se excluded from recovery where a "voluntary payment" provision of a policy precludes liability for such costs. LeFarge Corp., 61 F.3d at 399-400. In reaching this conclusion, the court noted that an insurer's duty to defend an action does not attach until notice alleging a potentially covered claim is tendered to the insurer. Id. at 400. Because there is no duty incumbent on the insurer to defend until notice is provided, the Fifth Circuit reasoned that the insurer cannot be held liable for defense costs incurred before the insurer's duty attaches. In so finding, the court rejected an argument by the plaintiff that pre-tender costs were recoverable absent a showing of prejudice. Id. at 400 n.19. Although Texas law, like that of Tennessee, requires a showing of prejudice for the insurer "to avoid all coverage" because of the failure of the insured to comply with the notice provisions of a policy, the Fifth Circuit held that prejudice is not required in consideration of pre-tender costs. Id.

In Liberty Mutual Insurance Co. v. Black & Decker Corp., 383 F.Supp.2d 200 (D. Mass. 2004), the United States District Court for the District of Massachusetts noted the disagreement among courts as to whether pre-tender defense costs must always be excluded. Liberty Mutual, 383 F.Supp.2d at 204. The court noted that two approaches have been applied to consideration of pre-tender costs. Under the first approach, adopted by the Fifth Circuit in LeFarge, pre-notice costs are unrecoverable even in the absence of prejudice. Id. at 204-205 (citing, among others, Hoppy's Oil Serv., Inc. v. Ins. Co. of N. Am., 783 F.Supp. 1505, 1509 (D. Mass. 1992) and Am. Mut. Liability Ins. Co. v. Beatrice Companies, 924 F.Supp. 861, 872, n. 17 (N.D. Ill. 1996)). In contrast, other

3

courts conclude that a prejudice analysis should apply to both the existence of a duty to defend after late notice, as well as to whether that duty includes pre-notice costs. Id. at 205 (citing TPLC, Inc. v. United Nat'l Ins. Co., 44 F.3d 1484, 1493 (10th Cir. 1995) and Wyman-Gordon Co. v. Liberty Mut. Fire Ins. Co., No. 96-2208A, 2000 WL 34024139, *6-7 (Mass.Super.Ct. July 14, 2000)). After consideration, the Court concludes that the latter approach must apply in a state like Tennessee which concludes that notice is not a condition precedent to coverage.

As aptly explained in Aetna Casualty & Surety Co. v. Dow Chemical Co., 44 F.Supp.2d 847 (E.D. Mich. 1997), the Defendant's argument that the duty to defend does not arise until the insured meets its contractual obligation to provide notice

> confuse[s] events which give rise to the duty to defend (an underlying suit is brought against the insured with allegations that are arguably within the insurance policy's indemnification provisions) and events which give rise to an insurer's breach of that duty (awareness of the need for defense and an unjustified refusal to defend) . . . The duty to defend pre-exists any obligation on the part of the insured as to notice or compliance with the voluntary payment provision of an insurance contract . . . That duty arises when the underlying claim is brought and thus pre-exists the insured's obligation to notify its insurer of that suit.

Dow Chemical, 44 F. Supp.2d at 857. Similarly, in Sherwood Brands, Inc. v. Hardford Accident & Indemnity Co., 347 Md. 32, 698 A.2d 1078 (1997), the Maryland Supreme Court found that, as a practical matter, the duty to defend must attach at the time an underlying suit is brought rather than upon the provision of notice to the insurer. In reaching this conclusion, the Sherwood court reasoned that

> it would seem clear that the right to control the defense necessarily attaches as soon as there is something to defend. The correlative duty of the insured to notify the insurer promptly of an occurrence or a claim is obviously in aid, and assumes the right, of immediate control by the insurer. As a practical matter, of course, that right cannot be effectively exercised until the insurer is, in fact, informed of the occurrence or claim, but it would hardly be sound to conclude that the right does not *exist* or

4

does not *arise* until the notice is given, for if that were the case, the right of control vested in the insurer would effectively be within the control of the insured . . . The duty to defend, rationally, should attach at the same moment the correlative right to control attaches, i.e., . . . when an insured occurrence happens. If that is when the insurer has a right to exercise control, that is also when its duty to do so should arise.

Sherwood Brands, Inc., 698 A.2d 1083-84 (emphasis in original).

While it is logically consistent to find that a duty to defend does not arise until notice is provided in a state that holds notice to be a condition precedent to the duty to defend, the same is not true for a state, like Tennessee, which holds the duty exists independent of notice. In a state where the duty to notify "is merely a covenant that, absent a showing of prejudice, does not excuse the insurer from complying with its duty to defend, the logic of such a holding becomes significantly attenuated, for it creates a time gap between the insurer's right to control the defense and its duty to provide one." Id. at 1084. If the Court were to adopt such reasoning, upon the filing of the underlying complaint, the insurer would have a right to control the defense but no duty to defend until notice was provided. Id.

The Court finds the reasoning of Dow Chemical and Sherwood Brands, Inc. to be persuasive. Because notice is not a condition precedent to coverage absent prejudice pursuant to Tennessee law, the Court finds that pre-tender notice costs are not per se excluded, but subject to prejudice analysis. Because the insurer's duty to defend arises when the insuring event occurs, i.e. the filing of a lawsuit with claims that are arguably within the policy's coverage, and because, as stated in the Court's order of November 23, 2005, there is no genuine issue of material fact as to whether Federal suffered prejudice as a result of Smith & Nephew's late notice, the Plaintiff is entitled to recovery of reasonable pre-tender fees and expenses.

IT IS SO ORDERED this 12th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 162 in case 2:02-CV-02455 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

William B. Jakes
HOWELL & FISHER
300 James Robertson Pkwy
Nashville, TN 37201--110

Mark Vorder-Bruegge
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Martin C. Pentz
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210--260

Honorable J. Breen
US DISTRICT COURT